### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 19-310 |
| v.    ) | |
| ) | Judge Cathy Bissoon |
| JAMES WILLIAMS,   ) | |
| ) | |
| Defendant.   ) | |

### ORDER

On or about November 26, 2024, Chambers received from Defendant an attempted submission regarding sentencing, dated November 14, 2024. Included are materials that cannot be filed on the public record, including: a letter from Defendant's former counsel to Defendant, revealing prior plea negotiations; copies of Defendant's marriage records, which reveal personal identifiers; and reference to the name of a minor child and her picture. The submission and all attachments have been docketed under seal, and will be transmitted to counsel for the government by secure email forthwith.

Defendant's attempted submission was not made with the Clerk of Court, for filing on the docket, nor is there any indication that it was served on counsel for the government. As previously indicated, the Court does not accept correspondence from litigants. Submissions must <u>not</u> be addressed to "Judge Bissoon" or Chambers, but instead must be addressed to the Clerk of Court for filing on the docket. Should Defendant direct additional submissions to "Judge Bissoon" or Chambers, rather than the Clerk of Court, they will be disregarded.

In the present attempted submission, Defendant urges the Court to reject the parties' agreement under Criminal Rule 11(c)(1)(C) and impose a sentence that is less than is agreed to in the plea agreement. This the Court cannot do.

In an Order dated November 19, 2024 (which, to be fair, post-dated Defendant's drafting of the present submission), the Court issued written Notice of its intention, at Sentencing, to accept the terms of the 11(c)(1)(C) plea agreement. The negotiated-sentence is the sentence to which the government has agreed. It has not agreed to the imposition of a lesser sentence.

Criminal Rule 11 places limits on what the Court, and Defendant, may do under the circumstances presented. The Court can either accept the 11(c)(1)(C) agreement, or reject it. If the Court rejects the agreement, Defendant must be afforded an opportunity to withdraw his guilty plea. Fed. R. Crim. P. 11(c)(5)(B). If the court accepts the plea agreement, it must inform Defendant of the acceptance and indicate that the agreed disposition will be included in the judgment. *Id.*, Rule 11(c)(4). This was done on November 19th, by way of the Court's written Notice.

Rule 11(d) imposes limits on Defendant's withdrawal of his guilty plea. He is able to withdraw it only if the Court rejects the 11(c)(1)(C) agreement, which it has not; or if he "can show a fair and just reason for requesting the withdrawal." *Id.*, Rule 11(d)(2)(A)-(B).

Defendant's agreement to a negotiated sentence, followed by a desire for the sentence to be less than he agreed to, is not a fair and just reason. The right to withdraw a guilty plea is not absolute. U.S. v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005). The factors considered include: (1) whether Defendant asserts actual innocence (he has not); (2) the strength of Defendant's reason for withdrawing the plea (which, on the present record, appears to be a matter of "buyer's remorse," a misunderstanding of the law or – at worst – duplicity); and (3) whether the government would be prejudiced (a matter best addressed by the government in the first instance). *Id.*

Defendant cannot "have his cake and eat it too."  He has two, and only two, options – and must choose one or the other.  He may proceed to sentencing, and receive the negotiated sentence.  Or he may file on the docket a motion to withdraw his guilty plea, showing a fair and just reason for withdrawal.

It should be noted that, if Defendant files a motion to withdraw his guilty plea and the motion is granted, the result will <u>not</u> be for the case to proceed to sentencing, with the Court imposing a sentence below the agreed-upon sentence.  Instead, absent another agreement, the case will proceed to trial and, if convicted by a jury, Defendant will be sentenced without the benefit of a plea agreement.

As noted above, Defendant's present submission was not transmitted to the Clerk of Court for filing on the docket.  There is no pending motion for adjudication.  The ball is in Defendant's court.

Sentencing is scheduled for **<u>January 28, 2025 at 10:00 a.m.</u>**  The Court remains prepared to accept the parties' negotiated sentence, which the undersigned believes is sufficient but not greater than is necessary to serve the purposes of sentencing in 18 U.S.C. § 3553.

By no later than **<u>January 2, 2025</u>**, Defendant shall file **either**:  (1) a written notice indicating that he wishes for the Court to honor his agreement and impose the agreed-upon sentence; **<u>or</u>** (2) a motion to withdraw his guilty plea, showing fair and just reason under the controlling legal standards.

The filing shall be made by sending the original document, by First-Class U.S. Mail, to the Clerk of Court.  The mailing address shall read:  "Clerk of Court, U.S. Courthouse, Pittsburgh, PA  15228."  The submission **must** be mailed early enough that it is received by the Clerk of Court on or before Defendant's deadline.

Defendant shall **not** address the submission to "Judge Bissoon" or "Judge Bissoon's Chambers." Doing so will cause the submission to be transmitted to the wrong office, leading to confusion and delay.

Once Defendant has made his filing, the government automatically will receive service of it through the Court's electronic filing system. **Should Defendant file a notice indicating that he wishes to proceed to sentencing, as described above and only as described above, no further filings are required.**

If Defendant files a motion to withdraw his guilty plea, the submissions referenced herein (documents revealing plea negotiations, personal identifiers and the name and image of a minor child) are both inappropriate and entirely irrelevant for the purposes of such a motion. Defendant shall not include such materials or information.

The Court carefully and repeatedly has advised Defendant regarding the perils of self-representation. Nearly every problem identified in this Order is a direct or indirect result of the same (the direct ones include difficulties and delays resulting from the prison mail system and Defendant's failure to comply with clear Orders, and an indirect one is his apparent misunderstanding regarding what can and cannot be argued consistent with Rule 11(c)(1)(C)).

If Defendant moves to withdraw his guilty plea and the motion is granted, the case will proceed to trial without delay.

IT IS SO ORDERED.


December 6, 2024                                           s\Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record


cc (via First-Class U.S. Mail):

James Williams
USMS 08195-068
NEOCC
2240 Hubbard Road
Youngstown, OH  44505